UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON ISAAC KENNEDY, an Individual, ) ) ) Plaintiff, ) ) v. ) ) GODADDY, INC., SPIRIT MEDIA, ) ARTHUR PHOENIX, an Individual, ) And JOHN DOE DEFENDANTS 1-5, ) ) Defendants. ) | Cause No.  1:13-cv-876-RLY-DML |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GODADDY.COM, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(3) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) AND 28 U.S.C. § 1406(a)**

**I.    INTRODUCTION**

Despite admitting that neither the parties to this action nor the facts underlying the claims made in the Complaint bear any relation to the State of Indiana, Plaintiff Leon Isaac Kennedy ("Plaintiff") seeks to burden this Court, as well as the parties, with the litigation of a matter in which venue is proper in the District of Arizona, more than a thousand miles away.

GoDaddy.com, LLC ("Go Daddy") moves this Court to dismiss the present action pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in the Southern District of Indiana.  As demonstrated by the allegations contained in the Complaint, Plaintiff cannot satisfy the venue requirements of 28 U.S.C. § 1391(b), let alone establish any connection between the State of Indiana and the parties or facts giving rise to this lawsuit.  As specifically alleged in the Complaint, Plaintiff is a resident of California and all of the defendants are residents of Arizona.  No event alleged to have given rise to Plaintiff's claims occurred in the

State of Indiana. Indeed, the Complaint admits that all such acts and transactions occurred between Arizona residents, presumably in Arizona.

Alternatively, Go Daddy moves this Court, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), to transfer this matter to the District of Arizona. Even if Plaintiff properly establishes venue here, or seeks leave to amend his defective complaint, the convenience of the parties and witnesses, as well as the interests of justice, support such a transfer. The Southern District of Indiana is not a convenient or appropriate forum for this lawsuit.

## II.     STATEMENT OF FACTS

### A.     The Action

On May 29, 2013, Go Daddy removed Plaintiff's Complaint to the Southern District of Indiana. [Dkt. 1] Plaintiff asserts various claims for violations of the Lanham Act, unfair business practices, and common law misappropriation of image and likeness arising from the alleged registration, use and transfer of a domain name containing his personal name. *See* Complaint, Counts I-VII. Plaintiff also seeks various civil remedies available under Indiana law for vaguely alleged criminal conduct. *Id.*

Plaintiff alleges that "jurisdiction and venue are proper in [the State of Indiana] pursuant to Indiana Code §§ 33-28-1-2 and Ind. Tr. Rule 75(a)(1), 75(a)(2), 75(a)(4) and 75(a)(8)." Complaint, ¶ 6. Plaintiff does not allege venue under federal law.

### B.     The Parties

#### 1.     Plaintiff Leon Isaac Kennedy

Leon Isaac Kennedy is a California resident, currently residing in Burbank, California. *See* Complaint, ¶ 1.

2. Defendant GoDaddy.com, LLC

GoDaddy.com, LLC is an Arizona entity with its principal place of business in Scottsdale, Arizona. *See* Complaint, ¶ 2. Go Daddy is a domain name registrar. *Id.*

3. Defendant Spirit Media

Spirit Media is an entity of unknown form found in Phoenix, Arizona. *See* Complaint, ¶ 3. Spirit Media is the owner and registrant of the domain name at issue. *Id.*

4. Arthur Phoenix

Arthur Phoenix is an individual found in Phoenix, Arizona, at the same location as defendant Spirit Media. *See* Complaint, ¶¶ 3, 4. Arthur Phoenix is the registrant of the domain name at issue. *Id.*

III. ARGUMENT

A. **The Complaint Should be Dismissed Under Federal Rule of Civil Procedure 12(b)(3) Because Venue in the Southern District of Indiana is Improper**

Dismissal under Federal Rule of Civil Procedure 12(b)(3) is appropriate here because Plaintiff cannot allege, let alone prove, the existence of any relationship between the State of Indiana and either the events giving rise to or parties involved in this litigation. Indeed, the only discernible connection between this lawsuit and the State of Indiana appears to be the residence of Plaintiff's attorney—a factor not considered in assessing the propriety of venue.

Federal Rule of Civil Procedure 12(b)(3) allows for the dismissal of a complaint where a plaintiff cannot demonstrate that venue is proper in a given district. When a plaintiff alleges violation of a federal act that does not contain a special venue provision, as is the case with the Lanham Act, the general federal venue statute applies. *See Sanderson v. Spectrum Labs, Inc.,*

248 F.3d 1159 (7th Cir. 2000) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). The general federal venue statute, 28 U.S.C. §1391(b), provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* A plaintiff bears the burden of establishing that the venue it has chosen is proper. *See Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969).

As an initial matter, Plaintiff cannot establish that either Go Daddy or any other defendant "resides" in Indiana for the purposes of establishing venue under 28 U.S.C. § 1391(b)(1). Indeed, Plaintiff admits that neither Go Daddy nor any other named defendant resides in Indiana. *See* Complaint, ¶¶ 2-4. For the same reason, venue is not proper under 28 U.S.C. § 1391(b)(3). Go Daddy and each of the other named defendants are alleged to be residents of Arizona. *See id.* Plaintiff could have filed the Complaint in another district, e.g., the District of Arizona.

To avoid the impact of his residency admissions, Plaintiff must sufficiently allege under 28 U.S.C. § 1391(b)(2) that a substantial portion of the events giving rise to the Plaintiff's claims against Go Daddy and the other named defendants occurred within this district. He has not done so.

Venue is proper under 28 U.S.C. § 1391(b)(2) in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." To qualify as grounds for venue under this provision, the events material to the claims which have occurred in the district must have been significant. *See Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1180 (D.

4

Kan. 1998). Yet, Plaintiff did not include the location of the occurrence of any of the facts alleged in the Complaint. Presumably, Plaintiff failed to include any allegations related to where the alleged acts and omissions of the defendants occurred because, had he done so, it would be clear that there is little, if any, connection between the events related to this case and the State of Indiana. In fact, nothing in the Complaint suggests any more significant "event" connecting Indiana to the harms alleged in this action than the engagement by Plaintiff of an Indiana attorney to file suit. Nor does any allegation in the Complaint refer to a transaction involving Indiana.

As none of the defendants are residents of Indiana for purposes of determining proper venue under 28 U.S.C. §1391(b), and because the Complaint does not provide any facts to support that a "substantial" part of the events giving rise to Plaintiff's purported claims have taken place in Indiana, Go Daddy respectfully requests the Court dismiss Plaintiff's Complaint.

  **B.**  **This Lawsuit Should Be Transferred to the District of Arizona Pursuant to 28 U.S.C. § 1404(a)**

Should the Court determine that venue is proper in the Southern District of Indiana, Go Daddy nonetheless requests that the Court transfer the case to the District of Arizona, where all of the Defendants are located.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). A court may transfer an action from one federal district court to another pursuant to 28 U.S.C. § 1404(a) if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer

is in the interest of justice." *State Farm Mutual Auto Ins. Co. v. Estate of Bussell,* 939 F. Supp. 646, 650 (S.D. Ind. 1996).

### 1. Venue Is Proper In the District of Arizona

Venue is proper in "a judicial district where any defendant resides" and in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (b)(2). Here, this action "might have been brought" in the District of Arizona because Go Daddy, as well as each of the other defendants, are alleged to be residents of Arizona. *See* Complaint, ¶¶ 2-4; *see also* 28 U.S.C. § 1391(a); 15 Wright, Miller, & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3845 (2d ed. 1986) (explaining that the phrase "might have been brought" in Section 1404(a) refers to districts where venue would be proper and where defendant would be subject to service of process and personal jurisdiction). Venue is also proper in the District of Arizona under 28 U.S.C. § 1391(b) because Go Daddy resides in Arizona and a substantial part of the events giving rise to Plaintiff's claims occurred in Arizona.

Furthermore, because Plaintiff's claims are federal claims based on alleged violations of the Lanham Act, the District of Arizona has subject matter jurisdiction.

### 2. Convenience of the Parties and Witnesses Favors Transfer to Arizona

In determining whether to transfer an action for the convenience of the parties and witnesses, the Court should consider "(1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof of each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties-specifically, their respective residence and abilities to bear the expense of trial in a particular forum." *Elanco Animal Health, a Div. of Eli Lilly & Co. v. Archer Daniels Midland Co. Animal Health & Nutrition Div.*, 1:08-CV-00386-

RLY-TA, 2008 WL 4099882 at *2 (S.D. Ind. Sept. 4, 2008). Here, none of the events giving rise to the present cause of action occurred in Indiana or in the Southern District of Indiana. Presumably, all facts regarding the alleged registration, use and transfer of the domain name at issue—between Arizona residents—occurred in Arizona. *See* Complaint, ¶¶ 2-4. Also, the factors of access to proof, convenience of the witnesses, and convenience of the parties, weigh heavily in favor of transfer to the District of Arizona. All relevant documents and witnesses known to Go Daddy, and presumably the other defendants, are located in Arizona.

Plaintiff's witnesses and documents will also be located outside of the state of Indiana and, therefore, Plaintiff is not inconvenienced by the transfer of the case to the District of Arizona. Indeed, given that Plaintiff himself is a resident of California, transfer of the case to the District of Arizona, will be more convenient. As a result, all of the convenience factors weigh in favor of transfer to the District of Arizona.

        a.        <u>Plaintiff's Choice of Forum is Entitled to Limited Deference</u>

Plaintiff is not a resident of this forum; he is a resident of California. *See* Complaint, ¶ 1. When a plaintiff chooses not to sue in its home forum, but instead, in a venue with no obvious connection to its case, its choice of venue is given minimal weight. *See S.C. Johnson & Son, Inc. v. The Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983) ("While plaintiff's choice of forum is important, it is of reduced value where, as here, the chosen forum lacks significant contact with the underlying cause of action."); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum, however, that choice of forum is entitled to less deference."); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, (1981) (stating that when a plaintiff is a foreign corporation, the

presumption of favor for its choice of forum is "much less reasonable"). Because Plaintiff does not actually reside in this district, his preference should be afforded minimal weight.

### b. The Relevant Events Presumably Occurred in Arizona

To the extent there is any location associated with Plaintiff's Lanham Act claims, that location is Arizona, not this district. Courts assessing whether to transfer intellectual property cases like this one often focus on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) (citations omitted); *see also S.C. Johnson*, 571 F. Supp. at 1187-88 (concluding that the District of Massachusetts was a better venue than Illinois because "all development, testing, research, and production of the subject product occurred in Massachusetts" and "virtually all marketing and sales decisions were made there"). Go Daddy is located in Arizona, and the alleged registration, use and transfer of the domain name at issue occurred in Arizona, by and between Arizona residents. Complaint ¶¶ 2-4. Thus, the second factor—the situs of the material events—strongly favors transfer to the District of Arizona.

### c. Sources of Proof Weigh in Favor of Transfer

Go Daddy recognizes that the location of documents and records are generally presumed to be easily transportable. *See In re Link_A_Media Devices Corp.*, 662 F.3d at 1224. Nevertheless, "[w]hile the advances in technology may alter the weight given to these factors, it is improper to ignore them entirely." *Id.*

Evidence related to the alleged registration, use and transfer of the domain name at issue, will be produced by and secured from Go Daddy's employees in Arizona. Presumably, the other named defendants will also be producing evidence located in Arizona. Go Daddy is unaware of

8

any key activities, documents, or witnesses that are located in the State of Indiana, let alone the Southern District of Indiana. To the extent that Plaintiff has relevant documents, they are likely located in California, where he resides. Therefore, the location of the sources of proof weighs in favor of transfer.

d. <u>Convenience of The Parties Weighs In Favor of Transfer</u>

Assessing the convenience of the parties requires consideration of the parties' residences and their ability to bear the expense of litigating in each forum. *See Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). All of the defendants, and their employees, are based in Arizona. *See* Complaint, ¶¶ 2-4. It would be more convenient for Go Daddy to litigate in the District of Arizona because its witnesses, documents, and products are all there. *Id*. Moreover, should this case go to trial, Go Daddy would seek to have corporate representatives attend the trial. Travel to the Southern District of Indiana would be expensive and inconvenient for Go Daddy's witnesses. *Id*. The inconvenience to Go Daddy and the other named defendants of litigating this case in the Southern District of Indiana is also heightened by the strong nexus between the underlying cause of action and Arizona. Therefore, the convenience of Go Daddy and the other named defendants weighs in favor of transfer.

The increased convenience for Go Daddy created by a transfer to Arizona does not come at the expense of an increased inconvenience to Plaintiff. As stated, Plaintiff is not a resident of this forum nor is he located in Indiana; he is a California resident currently living in Southern California. *See* Complaint, ¶ 1. The fact that Plaintiff's counsel is located in Indianapolis *does not* weigh in determining the convenience to Plaintiff. *See Illinois Computer Research, LLC v. HarperCollins Publishers, Inc.*, 2010 U.S. Dist. LEXIS 124288, at *14 (N.D. Ill. Nov. 22, 2010); *First Horizon Pharm. Corp. v. Breckenridge Pharm. Corp.*, 2004 U.S. Dist. LEXIS 13871 at *8

(N.D. Ill. Jul. 21, 2004). Accordingly, this factor also strongly favors transfer to the District of Arizona.

### e. Convenience of The Witnesses Weighs in Favor of Transfer

The convenience of the witnesses is often considered the most important factor in the transfer analysis. *Brandon Apparel*, 42 F. Supp. 2d at 834. "To determine the convenience to the witnesses, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Somers v. Flash Tech. Corp. Of Am.,* 2000 WL 1280314, at *3 (S.D. Ind. 2000). Arizona is a much more convenient forum than this district for the parties, as all defendants reside in Arizona. The people with knowledge and possession of evidence related to the alleged registration, use and transfer of the domain name at issue are all in Arizona. As such, this factor also substantially weighs in favor of transfer to the District of Arizona.

### 3. The Interests of Justice Favor Transfer to Arizona

The interest of justice component of a Section 1404(a) analysis concerns the "efficient administration of the court system." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986). Factors considered in this analysis involve the familiarity of judges in each forum with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in each locale. *Am. Commercial Lines, LLC v. Ne. Mar. Inst ., Inc.,* 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008).

### a. Familiarity With Applicable Law

The claims asserted in this action arise both under federal and state law. Both the District of Arizona and the Southern District of Indiana are in an equal position to address the claims arising in the Complaint. *See Bloom v. Express Services, Inc.*, No. C 11-00009, 2011 U.S. Dist.

LEXIS 43429 at *14 (N.D. Cal. Apr. 19, 2011) ("Federal courts have equal ability to address claims arising out of state law."). As such, this factor is neutral.

### b. Likelihood of A Speedy Trial

Two statistics bear significant relevance when analyzing the likelihood of a speedy trial: (1) the median number of months from filing to disposition and (2) the median number of months from filing to trial. *Lighthouse Carwash Sys., LLC v. Illuminator Bldg. Co.*, LLC, 1:04-CV-0962-JDT-WTL, 2004 WL 2750251 (S.D. Ind. Sept. 28, 2004).

In 2012, the median number of months from filing to disposition was 9.5 in the Southern District of Indiana and 7.0 in the District of Arizona. *See* Table C-5 at http://www.uscourts.gov/Statistics/JudicialBusiness/2012/statistical-tables-us-district-courts-civil.aspx (visited June 5, 2013). During that same time period, the median number of months from filing to trial was 22.2 in the Southern District of Indiana and 31.5 in the District of Arizona. *See id.* Accordingly, this factor is also neutral.

### c. Relation Of The Community To The Issues

Plaintiff requests broad injunctive relief. Specifically, Plaintiff asks the Court, among other things, for "an injunction enjoining Defendants, collectively and individually, from future use of the Kennedy Intellectual Property, including but not limited to the Kennedy Right of Publicity . . ." Complaint, Prayer for Relief at (b). If injunctive relief is granted, the steps taken to comply with the injunction would all occur in Arizona. Thus, this factor favors transfer to the District of Arizona. *Law Bulletin Publ'g Co. v. LRP Publ'n, Inc.,* 992 F. Supp. 1014, 1017 (N.D. Ill. 1998)(finding Florida a better forum to enforce and monitor any injunctive relief because Florida would be "closer to the action") (citations omitted).

11

### C. The Court May Also Order Transfer Pursuant to 28 U.S.C. § 1406(a)

Because Go Daddy has moved to dismiss the Plaintiff's Complaint, 28 U.S.C. § 1406(a) provides another basis to transfer this action to the District of Arizona. Section 1406(a) contemplates a transfer of venue where the plaintiff has not established legal venue in the transferring district.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, where, as here, a plaintiff has not established legal venue in a district, the district court may choose to transfer such action to an appropriate district pursuant to 28 U.S.C. § 1406(a). *See MB Financial Bank, N.A., v. Walker*, 741 F. Supp. 2d 912, 915 (N.D. Ill. 2010). For all the reasons above, the interests of justice favor transferring this action to the District of Arizona.

### IV. CONCLUSION

Based on the foregoing, Go Daddy respectfully requests the Court grant its motion to dismiss Plaintiff's Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, Go Daddy requests that the Court transfer this action to the United States District Court for the District of Arizona pursuant to either 28 U.S.C. § 1404(a) or 1406(a).

Respectfully submitted,


/s/ Ryan M. Hurley
Ryan M. Hurley
Faegre Baker Daniels LLP
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204
ryan.hurley@faegrebd.com


Aaron M. McKown (*pro hac vice* application pending)
Paula L. Zecchini (*pro hac vice* application pending)
Wrenn Bender LLLP
2 Park Plaza, Suite 550
Irvine, CA 92614
pzecchini@wrennbender.com


*Counsel for Defendant GoDaddy.com, LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2013, a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant GoDaddy.com, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) was filed electronically. The following counsel received service via the Court's ECF system.

>Theodore J. Minch
>SOVICH MINCH LLP
>10099 Chesapeake Drive, Suite 100
>McCordsville, Indiana 46055

>/s/ Ryan M. Hurley